**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONGHUA TONG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 06-75281<br><br>Agency No. A097-854-211<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Ronghua Tong, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order summarily affirming an immigration judge's

("IJ") decision denying her application for asylum and withholding of removal.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo legal determinations, including "the statutory definition of forced abortion, which is a legal question," *Tang v. Gonzales*, 489 F.3d 987, 989-90 (9th Cir. 2007). We review for abuse of discretion the discretionary denial of asylum. *See Gulla v. Gonzales*, 498 F.3d 911, 915 (9th Cir. 2007). We grant the petition for review and remand.

The IJ did not set forth an express adverse credibility finding as to Tong's testimony regarding her abortions, and therefore we accept her testimony as true. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000).

The IJ concluded that Tong's abortions were not "forced" as defined by 8 U.S.C. § 1101(a)(42), prior to our intervening decision in *Tang* which expressly rejected the requirement that the victim of a forced abortion demonstrate resistance. *See Tang*, 489 F.3d at 990. Therefore, we remand for the agency to reconsider whether Tong's abortions were forced, such that she is eligible for asylum and entitled to withholding of removal. *See id.* at 992; *see also Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir. 2003) (concluding that an abortion was forced where family planning officials deducted Wang's wages, and threatened to fire her and impose unreasonably high fines).

Further, to the extent that the IJ denied asylum as a matter of discretion, the IJ abused her discretion by relying on credibility grounds. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1135 (9th Cir. 2004) ("If an applicant's testimony on an issue is found credible for purposes of determining whether he is eligible for asylum, he cannot be found incredible on the same issue for purposes of determining whether he is entitled to asylum").

**PETITION FOR REVIEW GRANTED; REMANDED.**